## BRANCH v. STATE.

(Division A. Dec. 10, 1934.)

[157 So. 875. No. 31497.]

**O. L. Kimbrough**, of Greenwood, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction for the possession of intoxicating liquor. The appellant's principal assignment of error is that the evidence on which he was convicted, and which was introduced over his objection, was that of a police officer who obtained it by an unlawful search of the appellant's automobile.

The search was made by the sheriff of the county, who stated that he searched the appellant's automobile with-

out a warrant therefor on a statement to him by Coppage that he, Coppage, had been informed that the appellant would drive a Chevrolet coupe into Itta Bena with a load of whisky therein. Acting on this information, the sheriff patrolled the road on which he was informed the appellant would travel to Itta Bena, and when the appellant approached him, driving a Chevrolet coupe, he and others with him halted the appellant, searched his automobile, and found whisky therein. Coppage was not introduced as a witness.

As the attorney-general admits, the case is ruled by Elardo v. State, 164 Miss. 628, 145 So. 615, wherein the court held that the information on which a police officer is authorized to search for contraband articles without a warrant therefor must be communicated to him as facts within the knowledge of the informant. In other words, that the evidence on which the officer acts in making the search must be such as would have served as a predicate for the issuance of a warrant therefor.

Reversed and remanded.